UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY C. MYER and JOHN E. GRISWOLD, | |
| Plaintiffs, | CASE NO. C06-804C |
| v. | ORDER |
| NITETRAIN COACH COMPANY, INC. And NASHVILLE COACH, INC., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion for Removal to State Court (Dkt. No. 11), Defendants' Responses thereto (Dkt. Nos. 16, 18), and Plaintiffs' Reply (Dkt. No. 21). The Court has considered all of the papers submitted regarding this motion and determined that oral argument is not necessary. The Court hereby DENIES the motion and rules as follows.

I.      BACKGROUND AND FACTS

On June 18, 2004, Plaintiffs Timothy Myer and John Griswold ("Plaintiffs"), both California residents, were injured when the bunk beds on a bus on which they were traveling through King County, Washington collapsed. They filed this complaint in June 2005 in King County Superior Court, naming the bus operator Tennessee resident Nitetrain Coach Company, Inc., ("Nitetrain"). After exchanging

ORDER – 1

discovery, Plaintiffs moved to amend their complaint to add another Tennessee resident, Nashville Coach, Inc., ("Nashville")  the designer and installer of the bus's interior, including the beds on which Plaintiffs were injured.  King County Superior Court granted the motion to amend on May 2, 2006.

Plaintiffs sent Nashville a copy of the amended complaint on April 21, 2006.  Plaintiffs also claim that their process server handed the summons and complaint to Lesley McCollum Fisher—a Nashville secretary and office manager, and the daughter of the company's owner Patrick McCollum—on May 5, 2006.  At Plaintiffs' counsel's instructions, the server returned on May 10, 2005 and served Patrick McCollum personally.  Plaintiffs have submitted with this motion an affidavit of service for the latter date only.  On June 9, 2006, Nashville filed a notice of removal to this Court.

## II.      ANALYSIS

### A.      LEGAL STANDARD

Federal law provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).  Due to federalism concerns and in acknowledgment of the limited nature of federal court jurisdiction generally, this statute is to be strictly construed against removal.  *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996), *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  As discussed more thoroughly below, however, more recent cases have softened the strictness of these oft-cited principles.  *See, e.g.*, *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999); *see also* 16 MOORE'S FEDERAL PRACTICE § 107.05 (3d ed. 2006) ("Recent developments have cast some doubt on the axioms that removal is strictly construed and that a presumption exists against removal.").

### B.      WHETHER REMOVAL WAS PROCEDURALLY SUFFICIENT

#### 1.      Whether Notice of Removal Was Filed Within 30 Days of Service

The federal removal statute provides, in relevant part, that "[a] notice of removal must be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of the initial pleading."

ORDER – 2

1    28 U.S.C. § 1446.  The 30-day period begins to run when a party receives formal service of process.

2    *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999).  Nashville filed its notice

3    of removal on June 9, 2006, exactly 30 days after May 10, 2006, the date on which Plaintiffs served

4    Nashville's owner and registered agent, Patrick McCollum.  Plaintiffs argue, however, that Nashville was

5    first served on the date on which it received a letter advising it of the lawsuit, on or shortly after April 21,

6    2006.  Plaintiffs' theory is that "[i]t is probable that the registered agent for Nashville was actually served

7    by his daughter" after she opened that letter, handing it to her father.  Plaintiffs submit no evidence for

8    such theory, such as corroborative testimony of either Nashville party, nor legal argument supporting

9    their contention that Ms. McCollum handing her father the complaint constitutes valid service under

10   Washington state law, except to state that "[there is nothing in the rules that says service of process has

11   to be done by a specific process server."  The Court therefore rejects this legally half-hearted and

12   factually unsupported argument.

13           Plaintiffs submit in the alternative that Nashville was served on May 5, 2006, when the process

14   server handed a copy of the complaint and summons to Ms. McCollum.  Under the Washington Superior

15   Court Civil Rules, proof of service under the instant circumstances requires "the affidavit of the person

16   making the service, sworn to before a notary public, with a seal attached, or before a clerk of a court of

17   record."  Wash. CR 9(g).  Plaintiffs have submitted just such an affidavit evincing service on May 10,

18   2006.  In support for their claim of service on May 5, 2006, however, Plaintiffs submit only the

19   declaration of Charles Scott, the process server engaged by Plaintiffs' counsel.  Mr. Scott avers that on

20   May 5, 2006 he handed a copy of the summons and complaint to Ms. McCollum, whom he understood to

21   be a "managing employee of the office."  This declaration does not meet the statutory requirements for

22   proof of service under Washington law.  Nor have Plaintiffs submitted any other documentation

23   supporting Mr. Scott's claim that he attempted to and did serve the complaint on May 5, 2006, such as

24   an invoice indicating two attempts at service.

25           Even if Plaintiffs were able to produce such proof, under Washington law service on a foreign

26   ORDER – 3

1    corporation such as Nashville is accomplished where made upon "any agent, cashier or secretary

2    thereof." WASH. REV. CODE § 4.28.080(10).  Washington courts have limited the rule to mean that

3    > [s]ervice of process on an agent of a foreign corporation doing business within the state
     > must be on an agent representing the corporation with respect to such business. It must be
4    > made on an authorized agent of the corporation who is truly and thoroughly a
     > representative of it, *rather than a mere servant or employee*, or a person whose authority
5    > and duties are limited to a particular transaction.

6    *Reiner v. Pittsburg Des Moines Corp.*, 680 P.2d 55, 56 (Wash. 1984) (citations omitted).  "Whether a

7    person is an 'agent' of a foreign corporation for the purposes of accepting service of process under RCW

8    4.28.080(10) is determined from a review of all the surrounding facts and proper inferences therefrom."

9    *Fox v. Sunmaster Products, Inc.*, 821 P.2d 502, 505 (Wash. App. 1991).  Here, however, Plaintiffs have

10   submitted practically no facts from which this Court could make a determination regarding Ms.

11   McCollum's status.  Mr. Scott's declaration that his "understanding from the circumstances and talking

12   to [Ms. McCollum] was that she was the managing employee of the office and/or primary secretary" is

13   conclusory and unilluminating.  There is no actual evidence that Ms. McCollum's capacity with Nashville

14   is, in a legal sense, anything rising beyond that of a "mere servant or employee," or otherwise to the level

15   required by statute and case law.

16   Given the paucity of factual and legal support for a May 5, 2006 service, the Court finds that

17   service first took place on May 10, 2006, when, according to testimony and the affidavit of service, Mr.

18   Scott handed a copy of the summons and complaint to Nashville's registered agent.

19                    **2.      Whether Nitetrain's Consent Was Sufficient**

20   Plaintiffs also argue that this case should be remanded because Defendant Nitetrain failed to join

21   in the notice of removal.  As discussed *infra*, all defendants must agree for a removal to be valid.  28

22   U.S.C. § 1446.  Plaintiffs essentially read the statute to require Nitetrain to have submitted a separate

23   pleading.  Such formality is not required.  Where, as here, a defendant does not sign the notice of

24   removal, affirmative written consent must be shown.  *See Roe v. O'Donohue*, 39 F.3d 298, 201 (7th Cir.

25   1994).  Defendants have met this requirement by submitting with the notice of removal a letter from

26   ORDER – 4

1  counsel for Nitetrain to counsel fo Nashville stating "[p]er our conversation my understanding is that, on

2  behalf of Nashville Coach, you are going to file a motion to remove this case to federal court.  On behalf

3  of my client, Nitetrain, we consent to the removal of this case to federal court."  (Ex. 5 to Notice of

4  Removal.)

5      The authority submitted by Plaintiffs is inapposite.  In particular, Plaintiffs assert that "it is

6  insufficient for a defendant who has not signed the removal petition to merely advise the removing

7  defendant that it consents to removal."  (Pls.' Mot. at 9 (citing *Martin Oil Co. v. Philadelphia Life Ins.*

8  *Co.*, 827 F. Supp. 1236, 1239 (N.D. W. Va. 1993)).)  In the cases on which Plaintiffs rely, however, the

9  defendant filing the notice of removal merely represented to the Court that the other defendants had

10 consented, and no separate proof was submitted in support thereof.  In contrast, here the parties took the

11 additional step of submitting written proof of Nitetrain's consent.  To urge so formal a construction of

12 the consent requirement as to require a formal pleading explicitly addressed to the Court has no basis in

13 the statutory language, case law or policies surrounding the removal statute.  There is no dispute that

14 Nitetrain consented to removal, and the Court finds as much.

15      **3.      Whether the 30-day Period Runs From the Date the First or Last Defendant**

16          **is Served**

17      As discussed *supra*, removal to federal court must be effected within 30 days of a defendant's

18 receipt of a copy of the complaint.  Plaintiffs argue that the 30-day period began to run when the first

19 defendant was served—in this case, in June 2005.  Defendant Nashville urges the Court to time the

20 running of the deadline from the date the last defendant was served—here, as held *supra*, on May 10,

21 2006.  These variant positions are known, respectively, as the first-served rule and the last-served rule,

22 neither of which has been decisively adopted by the Supreme Court, the Ninth Circuit, or the Western

23 District of Washington.  *See United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th

24 Cir. 2002) ("[W]e express no opinion today on the propriety of either rule."); *see also Tomlinson Black*

25 *North Idaho v. Kirk-Hughes,* 2006 WL 1663591, 3 (D. Idaho, June 8, 2006) (noting that in the Ninth

26 ORDER – 5

Circuit, the Eastern District of Washington, the District of Arizona, the District of Oregon, and the Eastern District of California have adopted the last-served rule, while the Central District of California and the District of Nevada have adopted the first-served rule).

Under what has been called the "traditional view," courts have held that the 30-day period begins to run when the first defendant in a multi-defendant case is served. *See* 16 MOORE'S § 107.30[3][a][C] (3d ed. 2006). The rationale for this rule lies in another of the removal statute's requirements—the so-called unanimity rule—that all defendants consent to removal to federal court. Courts adopting the first-served rule reason that a defendant who fails to remove within the initial 30 days is waiving not only its right to remove, but also its ability to consent, and therefore the right of all subsequently added defendants to remove as well. *See, e.g.*, *Brown v. Demo, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Transport Identity Co. v. Financial Trust Co.*, 339 F. Supp. 405, 409 (C.D. Cal. 1972).

In what appears to be a growing trend, however, many courts have rejected the first-served rule as overly formalistic and harsh. *See, e.g.*, *Marano Enters. of Kansas v. Z-Teca Rests., Inc.*, 254 F.3d 753, 756–57 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999); *see also* 16 MOORE'S § 107.30[3][a][C] ("[M]ore recently courts have held that this rule penalizes those defendants that are served after the others."). This trend has been attributed by some to a Supreme Court decision holding that the 30-day period begins to run upon proper service of process, and not some other informal notice. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *see Griffin v. American Home Products Corp.*, 85 F. Supp. 2d 995 (E.D. Wa. 2000) ("the Court believes that the Supreme Court's decision in *Murphy Brothers* casts doubt on the continuing validity of the first-served defendant rule."); *see also Piacente v. State University of New York at Buffalo*, 362 F. Supp. 2d 383, 389–90 (W.D.N.Y. 2004) ("[I]t is important to note that the majority of post-*Murphy Bros.* authorities have adopted the [later-served] rule."). *Murphy Bros.*, based in part on the principle that a party has neither a right nor an obligation to take action in a matter in which it has not yet received formal service of process, highlights the inequity involved in forcing the later-served defendant to forfeit its right

ORDER – 6

1    to remove, through no fault of its own. *See also* 16 MOORE'S § 107.20[3][a][C] ("[The holding in

2    *Murphy Bros.*] will likely determine the result of this debate in favor of the less strict approach.").

3           Moreover, courts adopting the last-served rule have noted that upon closer examination, the rule

4    does not in fact do violence to the rule of unanimity. *See, e.g.*, *Piacente*, 362 F. Supp. 2d at 387 ("[The

5    last-served] rule respects the "rule of unanimity" because there is a difference between a right to remove

6    and a right to consent to removal."); *see also* 14C WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND

7    PROCEDURE: JURISDICTION § 3732 (3d ed. 1998) ("[W]hen some of the defendants are served after the

8    first defendant served has waived the removal right by not exercising it within the statutory period, the

9    subsequently served defendants are deprived of the opportunity to persuade the first defendant to join in

10   the notice of removal.").

11          The Court finds the last-served defendant rule to be the more current, equitable, and soundly

12   reasoned of the two.  The Court hereby adopts the last-served rule and finds that service upon Nashville,

13   which took place on May 10, 2006, triggered that party's right to remove within 30 days.

14          **4.      Whether Nashville's Participation in Deposition Waived Right of Removal**

15          Finally, Plaintiffs argue that Nashville participated in discovery in the days after it was served the

16   complaint but before it filed the notice of removal, and asks the Court to construe such activity as a

17   waiver of the right to remove this case.  Again, authority cited by Plaintiffs is based on facts that are not

18   at issue here.  In the cases on which Plaintiffs rely, defendants availed themselves extensively of state

19   court procedure, including by filing motions to dismiss.  Those cases hold at most, however, that a

20   "defendant waives its right to remove by proceeding to defend the action in state court or otherwise

21   invoking the process of the state court."  A mere appearance at deposition is a horse of a different color.

22   *See Ward v. Resolution Trust Co.*, 972 F.2d 196, 198 (8th Cir. 1992) (finding no waiver where party files

23   in state court a response to a motion to dismiss); *Miami Herald Pub. Co. v. Ferre*, 606 F. Supp. 122, 124

24   (D.C. Fla. 1984) (finding no waiver where party files in state court an answer to a complaint).  In reply

25   Plaintiffs underplay their initial assertion on this point, admitting that they "would not have filed the

26   ORDER – 7

1    present motion if it relied strictly on the appearance of Nashville Coach's defense counsel at a discovery

2    deposition in state court." (Pls.' Rep. at 7.)  Instead, Plaintiffs urge the Court to see the appearance as

3    evidence of gamesmanship on defense counsel's part and as further support for ordering remand.

4          Moreover, Nashville submits that in appearing at and participating in the deposition of Plaintiff

5    Griswold, it explicitly reserved its right to any jurisdictional or other affirmative defenses.  (Griswold

6    Dep. at 4–5, Henderson Dec. ¶ Ex. 5.)  Given that Plaintiffs all but abandon their already attenuated

7    argument on this point, and the likelihood that at the deposition Nashville reserved its right to remove in

8    any event, the Court finds that Nashville's participation in Griswold's deposition did not effect a waiver

9    of its right to remove.

10         **C.     WHETHER THE AMENDED COMPLAINT WAS PROPERLY FILED**

11         Finally, Defendant Nashville argues that while King County Superior Court granted the motion to

12   allow amendment of the complaint adding Nashville as a defendant, the amended complaint has never

13   been filed with that court, and that Nashville is therefore not (yet) a party to this action.  It follows,

14   Nashville submits, that because it has not been added as a party, it lacked standing to remove, and urges

15   the Court to find that if the case is to be remanded it should be on these grounds.  Because the Court

16   denies Plaintiffs' motion to remand, it need not reach Nashville's argument on this point.  To the extent

17   Nashville is seeking a ruling on whether the complaint has been properly filed, it must do so in a separate

18   motion and in a less equivocal fashion than it does here.  Nashville's assertion that "[w]hile it is possible

19   that the Order does effectuate contemporaneous filing of the Amended Complaint, the effect of the Order

20   is somewhat unclear and is likely for determination by this Court" is simply an insufficient request for a

21   ruling by this Court.  (Nashville Resp. at 2.)

22

23

24

25

26   ORDER – 8

1

**III.    CONCLUSION**

2

For the foregoing reasons, the Court hereby DENIES Plaintiffs' motion to remand.

3

SO ORDERED this 25th day of September, 2006.

4

5

6

John C. Coughenour

7

United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER – 9