UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY C. MYER and JOHN E. GRISWOLD,<br><br>Plaintiffs,<br><br>v.<br><br>NITETRAIN COACH COMPANY INC.; NASHVILLE COACH, INC.,<br><br>Defendants. | CASE NO. C06-804C<br><br>ORDER |

This matter comes before the Court on Defendant Nashville Coach's Motion to Continue Deadline for Mediation (Dkt. No. 37), Plaintiffs' Response thereto (Dkt. No. 39), and Defendant's Reply (Dkt. No. 41). The Court, having carefully considered all of the papers submitted and determined that oral argument is not necessary, hereby finds and rules as follows.

The basic facts of this case have been recited in prior Orders of this Court. (*See* Orders (Dkt. Nos. 22, 36).) Defendant's instant motion sought to extend the mediation deadline in this case to July 13, 2007 as well as an order compelling Plaintiff Myer to provide "all updated medical records, and any discoverable material related to a neuropsychologist's evaluation." (Mot. 4.) In response, Plaintiff indicated that all parties have already agreed to a continuance of the mediation date to June 4, 2007, but

ORDER – 1

objected to the request to compel because, Plaintiff argued, it was an improper attempt to seek a Rule 26(a)(2) expert report before such is due.  In Reply, Defendant agreed to a June 4, 2007 mediation deadline, denied that it was seeking expert disclosures early, and requested that Plaintiff be required to make and supplement initial disclosures, pursuant to Federal Rules of Civil Procedure 26(a)(1)(A) and 26(e)(1).

There is no controversy regarding the mediation date.  Accordingly, this joint request is GRANTED and the mediation deadline shall be extended to June 4, 2007.

As to the "neuropsychological report," it is clear that Plaintiff is not required to provide an expert report before such is due under Rule 26(a)(2).  However, Plaintiff is required to provide and supplement requested discovery as a general matter, including treating physician information, pursuant to Rules 26(a)(1)(A) and 26(e)(1).  These requirements already bind Plaintiff and there is no need for an Order from this Court to impose them.  Moreover, Defendant has not made a showing that it has satisfied the requirement to meet and confer with Plaintiff about Rule 26 discovery requests as dictated by Local Rule 37(a)(2).  Instead, Defendant only invokes Rules 26(a)(1)(A) and 26(e)(1) in its Reply to the instant motion.  Accordingly, the Court DENIES Defendant's request to require specific discovery already required by the Federal Rules by any particular date.  Plaintiff is reminded of the ongoing duty to supplement disclosures under Rule 26(e)(1).

SO ORDERED this 4th day of May, 2007.

John C. Coughenour
United States District Judge

ORDER – 2